*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*            *Page 1 of 8*
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                        **Case # 3:07cr145-004/MCR**

**ANTIOCO CABRERA ESQUIVEL**
a/k/a Rolando Antioco Cabrera Esquivel
a/k/a Rolando Govea Cabrera
a/k/a Roli

                                                 **USM # 06893-017**

                                                 **Defendant's Attorney:**
                                                 **Spiro T. Kypreos (Appointed)**
                                                 **3 West Garden Street, Suite #367**
                                                 **Pensacola, Florida 32501**

## JUDGMENT IN A CRIMINAL CASE

The defendant pled guilty to Counts One, Eleven and Eighteen of the Indictment on January 25, 2008 . Accordingly, **IT IS ORDERED** that the defendant is adjudged guilty of such count(s) which involve(s) the following offense(s):

| TITLE/SECTION NUMBER | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii) and 846 | Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine | November 29, 2007 | One |
| 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557 | Illegal Re-entry into the United States of a Previously Deported Alien | December 3, 2007 | Eleven |
| 18 U.S.C. § 1028(a)(6) | Possession of a False Social Security Card | December 3, 2007 | Eighteen |

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

*Page 2 of 8*

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984, including amendments effective subsequent to 1984, and the Sentencing Guidelines promulgated by the U.S. Sentencing Commission.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence:
May 28, 2008

*/s/ M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

Date Signed: June 3rd, 2008

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*  
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

*Page 3 of 8*

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **96 months. This term consists of 96 months as to Count One, 24 months as to Count Eleven and 60 months as to Count Eighteen, said terms to run concurrently, one with the other.**

The Court recommends to the Bureau of Prisons that the defendant participate in the Residential Substance Abuse Treatment program or other such program offered through the Bureau of Prisons for the treatment of drug and alcohol addiction. The Court also recommends designation in a facility for confinement near Northwest Florida; specifically, FCI Marianna, Florida.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By:_____  
Deputy U.S. Marshal

FLND Form 245B (rev 12/2003) Judgment in a Criminal Case                                                                Page 4 of 8
3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL
a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years as to Count One; 1 year as to Count Eleven, and 3 years as to Count Eighteen, said terms to run concurrently, one with the other.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the following standard conditions that have been adopted by this court.

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*                                                                                    *Page 5 of 8*
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

        with any person convicted of a felony unless granted permission to do so by the probation officer;

10.     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11.     the defendant shall notify the probation officer within **72 hours** of being arrested or questioned by a law enforcement officer;

12.     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13.     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14.     if this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

        The defendant shall also comply with the following additional conditions of supervised release:

1.     The defendant shall cooperate with the probation department and/or the Immigration and Customs Enforcement agency regarding his immigration status and abide by all orders or instructions of that agency. If deported, the defendant shall not re-enter the United States without the permission of the Attorney General of the United States or the Secretary of the Department of Homeland Security. Upon re-entering the United States at any time during the term of supervised release, the defendant shall immediately report to the nearest U.S. Probation Office.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*  
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

*Page 6 of 8*

Upon a finding of a violation of probation or supervised release, I understand the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
**Defendant**                                                      **Date**


_____          _____
**U.S. Probation Officer/Designated Witness**          **Date**

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*  Page 7 of 8
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

## CRIMINAL MONETARY PENALTIES

All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the Court. Payments shall be made payable to the Clerk, U.S. District Court, and mailed to 111 N. Adams St., Suite 322, Tallahassee, FL 32301-7717. Payments can be made in the form of cash if paid in person.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options in the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

### SUMMARY

| Special Monetary Assessment | Fine | Restitution |
|---|---|---|
| $300.00 | Waived | None |

### SPECIAL MONETARY ASSESSMENT

A special monetary assessment of **$300.00** is imposed.

No fine imposed.

No restitution imposed.

*FLND Form 245B (rev 12/2003) Judgment in a Criminal Case*
*3:07cr145-004/MCR - ANTIOCO CABRERA ESQUIVEL*
*a/k/a Rolando Antioco Cabrera Esquivel, a/k/a Rolando Govea Cabrera, a/k/a Roli*

*Page 8 of 8*

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) special monetary assessment; (2) non-federal victim restitution; (3) federal victim restitution; (4) fine principal; (5) costs; (6) interest; and (7) penalties in full immediately.

**Breakdown of fine and other criminal penalties is as follows:**
**Fine: Waived  SMA: $300.00  Restitution: None  Cost of Prosecution: None**

**The $300.00 monetary assessment shall be paid immediately.** Any payments of the monetary assessment and the fine made while the defendant is incarcerated shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. The defendant must notify the court of any material changes in the defendant's economic circumstances, in accordance with 18 U.S.C. §§ 3572(d), 3664(k) and 3664(n). Upon notice of a change in the defendant's economic condition, the Court may adjust the installment payment schedule as the interests of justice require.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. § 3664(f)(3)(A):

Unless the court has expressly ordered otherwise above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. In the event the entire amount of monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.